[This opinion has been published in *Ohio Official Reports* at 64 Ohio St.3d 149.]

THE STATE, EX REL. OHIO ASSOCIATION OF PUBLIC SCHOOL
EMPLOYEES/AFSCME, AFL-CIO, APPELLANT, *v.* STATE EMPLOYMENT
RELATIONS BOARD, APPELLEE, ET AL.

[Cite as *State, ex rel. Ohio Assn. of Pub. School Emp./AFSCME, AFL-CIO, v.
State Emp. Relations Bd.*, 1992-Ohio-119.]

*State Employment Relations Board—SERB issues decision to dismiss an unfair
labor practice charge against an employer as untimely filed without issuing
a complaint—SERB errs by failing to make a complete examination and
determination of the timeliness issue.*

(No. 91-750—Submitted April 7, 1992—Decided July 8, 1992.)

APPEAL from the Court of Appeals for Franklin County, No. 89AP-841.

—————————————

{¶ 1} Relator-appellant, Ohio Association of Public School
Employees/AFSCME, AFL-CIO ("OAPSE"), was certified by the respondent-
appellee, State Employment Relations Board ("SERB"), on August 8, 1985 as the
exclusive bargaining representative for certain employees of the respondent Lorain
County Board of Mental Retardation and Developmental Disabilities ("the Lorain
County board").  On September 28, 1985, the Lorain County board instituted a time
clock and sign-in procedure, which applied to members of OAPSE, without
bargaining for the change with OAPSE.  Subsequent negotiations on an initial
collective bargaining agreement commenced, but the parties were unable to resolve
their differences over the unilaterally implemented procedure.

{¶ 2} While negotiations were ongoing, appellant filed an unfair labor
practice ("ULP") charge with SERB on January 15, 1986, alleging several other
employer violations in addition to the institution of the time clock and sign-in
procedure.  The parties subsequently settled all other issues at the bargaining table,

but were unable to reach agreement on the time clock and sign-in issue. At the time that the parties reached an agreement on a labor contract, in March 1986, they agreed in a "side letter" (not signed until October 1986) that appellant would dismiss the other ULP charges "with the exception of those charges regarding time clocks and sign-in sheets and the parties agree to abide by the ruling of SERB or last court appealed to by either party with respect to those charges."

{¶ 3} After SERB investigated the ULP charge involving the time clock and sign-in issue, general counsel for SERB recommended, on November 19, 1986, that SERB "find probable cause to believe that an unfair labor practice has been committed and direct the issuance of a complaint." The general counsel believed that the case was "ripe for resolution of the legal issues of refusal to bargain as well as the Employer's assertion that the charge was untimely filed."

{¶ 4} On December 4, 1986, SERB overruled the recommendation of its general counsel and declined to issue a complaint. SERB dismissed appellant's ULP charge as untimely, finding that the events giving rise to the charge occurred more than ninety days prior to the filing of the charge with SERB.

{¶ 5} Appellant filed a notice of appeal from SERB's decision with the Franklin County Court of Common Pleas on December 16, 1986. On June 26, 1989, the trial court determined that it lacked subject-matter jurisdiction to entertain the appeal. Appellant appealed that decision to the Franklin County Court of Appeals, and also requested a writ of mandamus from the appellate court. The court of appeals affirmed the trial court's determination of no jurisdiction, agreeing that SERB's decision not to issue a complaint was not quasi-judicial in nature (and therefore not appealable). An appeal to this court was dismissed for want of prosecution (case No. 91-449). In a separate decision on February 19, 1991, the court of appeals denied appellant's request for a writ of mandamus,[1] and declined

---

1. The parties stipulated that SERB's complete file concerning the ULP charge was to be admitted into evidence in the mandamus action.

2

to hold that SERB abused its discretion in finding the ULP charge untimely. That court refused to order SERB to vacate its dismissal of the ULP charge, and denied appellant's request to order SERB to grant appellant a hearing on the merits of the charge, or on the issue of timeliness.

{¶ 6} The cause is now before this court upon an appeal as of right.

————————————

*Lucas, Prendergast, Albright, Gibson & Newman* and *James E. Melle*, for appellant.

*Lee I. Fisher*, Attorney General, and *Joseph M. Oser*, for appellee.

————————————

**ALICE ROBIE RESNICK, J.**

{¶ 7} This case presents for our consideration circumstances surrounding a SERB decision to dismiss a ULP charge as untimely filed, without issuing a complaint. It does not involve a question of probable cause. On the precise facts of this case, because SERB did not make a full analysis of the issue of timeliness, we reverse the decision of the court of appeals denying appellant's request for a writ of mandamus, grant a limited writ, and return this cause to SERB for further proceedings.

{¶ 8} In order for a writ of mandamus to issue a relator must demonstrate (1) that he or she has a clear legal right to the relief prayed for, (2) that respondents are under a corresponding clear legal duty to perform the requested acts, and (3) that relator has no plain and adequate legal remedy. *State, ex rel. Berger, v. McMonagle* (1983), 6 Ohio St.3d 28, 29, 6 OBR 50, 50-51, 451 N.E.2d 225, 226-227; *State, ex rel. Westchester Estates, Inc., v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81, paragraph one of the syllabus.

{¶ 9} We initially note that generally this court will not review a decision of SERB not to issue a complaint based on a ULP charge. That conclusion is consistent with our recent decision in *Ohio Assn. of Pub. School Emp., Chapter*

*643, AFSCME, AFL-CIO v. Dayton City School Dist. Bd. of Edn.* (1991), 59 Ohio St.3d 159, 572 N.E.2d 80, in which we held in the syllabus that "[a] decision by the State Employment Relations Board whether or not to issue a complaint in an unfair labor practice case is not reviewable pursuant to R.C. Chapter 119 or R.C. 4117.02(M) and 4117.13(D)." Because there was no direct right of appeal in the situation before us,[2] the third requirement for mandamus is present in this case, in that appellant has no adequate legal remedy available.

{¶ 10} We now proceed to consider whether the first two requirements for mandamus are met under the circumstances of this case. Because appellant's right to the relief requested correlates directly to SERB's duty to act, we consider both requirements together.

{¶ 11} In finding that the ULP charge was not timely filed, SERB ruled that the ninety-day limit contained in R.C. 4117.12(B)[3] and Ohio Adm. Code 4117-7-01(A)[4] was not met under the circumstances of this case. In reaching this result, SERB gave no reasons for its conclusion, but summarily dismissed the ULP charge.[5]

---

2. In its unsuccessful attempt to directly appeal SERB's decision underlying this action, appellant contended that there is a fundamental difference between a situation in which SERB declines to issue a complaint because it finds no probable cause, and a situation in which SERB dismisses a complaint for untimeliness, without deciding whether there is probable cause. We agree that there is a significant conceptual difference between the two situations. It would appear, however, that the General Assembly has chosen not to provide a right of review in either circumstance. This question is conceded for purposes of this mandamus appeal.

3. R.C. 4117.12(B) reads, in pertinent part:
    "***The board may not issue a notice of hearing based upon any unfair labor practice occurring more than ninety days prior to the filing of the charge with the board ***."

4. Ohio Adm. Code 4117-7-01(A) reads, in pertinent part:
    "A charge that an unfair labor practice has been or is being committed may be filed by any person. Such charge shall be filed with the board within ninety days after the alleged unfair labor practice was committed.***"

5. The entire text of SERB's order of dismissal in this case (SERB Case No. 86-ULP-1-0016), issued December 4, 1986, reads:
    "The Ohio Association of Public School Employees/American Federation of State, County and Municipal Employees, AFL-CIO (Charging Party) has filed an unfair labor practice charge

**{¶ 12}** This court normally accords great deference to a decision SERB has made on a particular issue. "It was clearly the intention of the General Assembly to vest SERB with broad authority to administer and enforce R.C. Chapter 4117. ***This authority must necessarily include the power to interpret the Act to achieve its purposes." *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 260, 533 N.E.2d 264, 267. Although we do not often readily question a decision SERB has made, our willingness to defer to SERB is not unlimited. When, as here, a genuine controversy exists regarding when a ULP "occurs," SERB should be required to give some explanation of its finding of untimeliness.[6]

**{¶ 13}** Because SERB summarily dismissed this ULP charge, there is no way for us to discern whether SERB considered all the facts and circumstances of this case in reaching its decision on the timeliness of the ULP charge. The parties were engrossed in negotiations at the bargaining table on an initial labor agreement while the ninety-day period for the filing of the ULP charge was running. Thus, there is some question whether an approach allowing for some type of tolling of the ninety-day time period would be appropriate under the circumstances of this case. We do not imply that such a principle should be employed. Rather, we simply observe that the record is insufficient to allow us to determine whether SERB acted arbitrarily.

**{¶ 14}** In addition, the record reveals that prior to the employer's agreement to abide by SERB's (and ultimately the courts') resolution of the merits of the ULP

---

against the Lorain County Board of Mental Retardation and Developmental Disabilities (Charged Party). The Charged Party alleged that the charge was untimely filed. The investigation revealed that the allegations giving rise to the charge occurred more than ninety (90) days prior to the filing of the charge with the Board. Pursuant to Ohio Revised Code Section 4117.12 and Ohio Administrative Code Rule 4117-7-01(A), the charge is dismissed.

"It is so directed."

6. The meaning of the word "occurring" is not set forth in the statute. As is true with many of the terms in R.C. Chapter 4117, SERB, in the sound exercise of its discretion, must define and interpret the term on a case-by-case basis.

charge, the employer had argued to SERB that all the ULP charges were untimely filed. Appellant argues that the employer should have been estopped from asserting timeliness as a defense. We do not presume to tell SERB how to deal with that argument. However, we do point out that while the ninety-day time period was running, the parties are presumed to have been engaging in good faith negotiations.

{¶ 15} Appellant also argues that the employer here was under a continuing duty to negotiate and bargain over the sign-in and time clock procedure with appellant, that each refusal to bargain over the procedure was a separate ULP, and that several refusals occurred within ninety days of the ULP charge being filed, making the original ULP charge timely. See, *e.g.*, *NLRB v. Basic Wire Products, Inc.* (C.A.6, 1975), 516 F.2d 261, 268. Appellant further asserts that there was no reason for it to file a new ULP charge, specifically over the employer's failure to bargain, because the parties had already agreed to have SERB resolve the first ULP charge, which was to decide the appropriateness of the time clock and sign-in procedure. We neither accept nor reject appellant's reasoning.

{¶ 16} There are many factors present in this case—*i.e.*, the ongoing negotiations involving the time clock and sign-in procedure, the employer's statement that it would abide by SERB's decision on the ULP charge filed in this matter, and appellant's contention that the employer committed more than one ULP involving this issue--which have been left unresolved. Not granting the writ in this case would leave too many unanswered questions relating to these matters. We do not now decide whether SERB acted within the bounds of its discretion. That SERB may have acted appropriately in ruling the way that it did is irrelevant to our result; the state of the record in this case forces us to assume too much. The record before us, and in particular the notice of dismissal entered by SERB, is totally inadequate. Thus, we find that the first two requirements for mandamus are met in the precise circumstances presented by this case.

**{¶ 17}** We narrowly hold, in the circumstances of this case, that SERB erred by failing to make a complete examination and determination of the timeliness issue. Therefore, we return this cause to SERB and issue a limited writ directing it to consider all the facts and circumstances of this case relevant to the question of timeliness, and to issue some explanation setting forth its reasoning.

*Judgment reversed*

*and limited writ allowed.*

SWEENEY, DOUGLAS and H. BROWN, JJ., concur.

MOYER, C.J., HOLMES and WRIGHT, JJ., dissent.

_____

**DOUGLAS, J., concurring.**

**{¶ 18}** I concur with what the majority has decided today. In *Ohio Assn. of Pub. School Emp., Chapter 643, AFSCME, AFL-CIO v. Dayton City School Dist. Bd. of Edn.* (1991), 59 Ohio St.3d 159, 572 N.E.2d 80, syllabus, a majority of this court held that: "A decision by the State Employment Relations Board whether or not to issue a complaint in an unfair labor practice case is not reviewable pursuant to R.C. Chapter 119 or R.C. 4117.02(M) and 4117.13(D)." I dissented in *Chapter 643, AFSCME, supra*, to, among other things, express my concern that orders of the State Employment Relations Board ("SERB") dismissing unfair labor practice ("ULP") charges on the basis of no probable cause should be subject to some judicial review. *Id.* at 162-166, 572 N.E.2d at 84-87. I suggested that an action in mandamus may be an appropriate remedy to challenge such orders. *Id.* at 166, 572 N.E.2d at 86. In my concurring opinion in *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 498, 508-512, 589 N.E.2d 24, 31-34, I set forth the reasons why an action in mandamus is, in fact, the appropriate remedy to challenge an abuse of discretion by SERB in dismissing a ULP charge for lack of probable cause. *Id.* at 511-512, 589 N.E.2d at 34.

**{¶ 19}** Today, a majority of this court issues a limited writ directing SERB to explain its decision dismissing a ULP charge as untimely filed so that a determination may be made, at some later date, whether SERB abused its discretion in dismissing the charge. I recognize that SERB did *not* make a no probable cause determination in dismissing the ULP charge in this matter. However, I submit that today we have taken our first step in the direction that I have been advocating for some time. Specifically, today we recognize that mandamus is a proper remedy to challenge an abuse of discretion by SERB in dismissing a ULP charge where this court's decision in *Chapter 643, AFSCME*, *supra*, otherwise precludes judicial review of SERB's final decisions.

**{¶ 20}** In this regard, there is no material distinction between an order of SERB dismissing a ULP charge as untimely filed, and an order by SERB dismissing a ULP charge for lack of probable cause. In either event, the bottom line is that SERB's order extinguishes the substantial rights of the charging party. Additionally, as I set forth in my concurrence in *Franklin Cty. Sheriff's Dept.*, *supra*, at 511-512, 589 N.E.2d at 34, this court's holding in *Chapter 643, AFSCME*, *supra*, has no bearing on the question of whether mandamus is an appropriate remedy to challenge an order of SERB dismissing a ULP charge on the basis of no probable cause as there is no requirement that there be an "adjudication" or "quasi-judicial" act before a writ of mandamus may issue.

**{¶ 21}** As a final matter, the case at bar may be helpful to demonstrate the point I made in my dissenting opinion in *Chapter 643, AFSCME*, *supra*, and in a number of cases since that time. The point is that it is imperative for this court to recognize the right to appeal a finding of SERB of no probable cause or provide, through an action in mandamus, some remedy for such orders to be subjected to judicial review. Take the following example where this need may directly affect the outcome of this case.

**{¶ 22}** Assume that SERB complies with our order herein and explains its reasoning (which proves to be erroneous) for dismissing the ULP charge as untimely filed. Could SERB ensure that its decision dismissing the ULP charge *not* be subject to judicial review by simply including in its decision an erroneous finding of no probable cause and, thereby, extinguish all rights of the charging party? The question would seem to answer itself—*no*! Yet that is precisely what SERB could do unless and until this court recognizes some remedy for an aggrieved party (be it employer, employee or employee organization) to seek review of SERB's no probable cause determinations.

**{¶ 23}** I again reiterate that orders of SERB dismissing ULP charges on the basis of no probable cause should be and must be subject to some judicial review. Today's majority takes a step in the right direction, and I applaud the effort to ensure that SERB's final orders are subject to some meaningful review.

SWEENEY, J., concurs in the foregoing concurring opinion.

_____

**HOLMES, J., dissenting.**

**{¶ 24}** I dissent, in that there was no abuse of discretion in SERB's entering the order that relator's unfair labor practice charge had alleged acts which occurred more than ninety days prior to the unfair labor practice charge being filed. The facts seem to be undisputed here that on January 15, 1986, OAPSE filed an unfair labor practice charge with SERB alleging that the employer had engaged in a series of unfair labor practices, including the time clock and sign-in procedure, for the employees represented by OAPSE. During the course of SERB's investigation of the charge, OAPSE submitted to SERB the affidavit of one Joyce Brackett in which she states that the employer instituted the time clock and sign-in procedure on August 1, 1985.

**{¶ 25}** R.C. 4117.12(B) provides in relevant part: "The board may not issue a notice of hearing based upon any unfair labor practice occurring more than ninety

days prior to the filing of the charge with the board \*\*\*." Given that the only claim remaining before SERB was the time clock and sign-in procedure, which act occurred more than ninety days prior to the filing of OAPSE's January 15, 1986 charge, SERB refused to prosecute and dismissed OAPSE's charge as untimely.

{¶ 26} Mandamus is an extraordinary writ and is allowed only where "a clear legal right thereto has been shown." *State, ex rel. Coen, v. Indus. Comm.* (1933), 126 Ohio St. 550, 553, 186 N.E. 398, 399. Mandamus will lie to compel a state agency to act or perform statutory duties, but will not issue to control the exercise of the agency's discretion unless an "abuse of such discretion affirmatively appears." *Id.* at 554, 186 N.E. at 399. An abuse of discretion warranting the issuance of a writ of mandamus and judicial interference with the exercise of administrative discretion "impl[y] not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." *State, ex rel. Shafer, v. Ohio Turnpike Comm.* (1953), 159 Ohio St. 581, 590-591, 50 O.O. 465, 469, 113 N.E.2d 14, 19; see, also, *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264, 267.

{¶ 27} Accordingly, it is only those "rare instances where an administrative body's ruling cannot be reconciled with the facts or reason which must be remedied by the issuance of the extraordinary writ of mandamus." *State, ex rel. Smith, v. Indus. Comm.* (1986), 26 Ohio St.3d 128, 132, 26 OBR 110, 113, 498 N.E.2d 447, 449. Where there is a "'''rational connection between the fact found and the choice made'''" by the administrative agency, mandamus will not issue. Id. at 132, 26 OBR at 113, 498 N.E.2d at 450.

{¶ 28} SERB acted rationally, and clearly did not abuse its discretion in determining it would not prosecute relator's charge because SERB considered it untimely. The unfair labor practice charge alleged a unilateral change regarding the time clock and sign-in procedure. The affidavit submitted by OAPSE indicated

that OAPSE did not file its charge within ninety days of the unilateral change.  R.C. 4117.12(B).

MOYER, C.J., and WRIGHT, J., concur in the foregoing dissenting opinion.

—————————————