Relator-appellant, Steve Elzey, an inmate at the London Correctional Institution, brings this accelerated appeal under Loc.R. 6 of the Ohio Twelfth District Court of Appeals. Appellant appeals from a decision of the Madison County Court of Common Pleas that dismissed his petition for a writ of mandamus. We affirm.
In 1986, appellant was convicted and sentenced for aggravated robbery with a firearm specification and having a weapon while under a disability with a firearm specification and a prior offense of violence specification. On April 23, 1998, appellant filed a complaint for mandamus requesting the issuance of a writ ordering respondent-appellee, Lora Turjanica, the records officer at the London Correction Institution, to recalculate the date of his initial hearing for parole.
Appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. On May 28, 1998, the trial court granted the motion to dismiss finding that appellant failed to allege or identify a clear legal duty that had been breached by appellee which would entitle him to relief in mandamus.
On appeal, appellant assigns a single assignment of error asserting that the trial court erred by granting appellee's motion to dismiss. In order for a court to dismiss a complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief.Greeley v. Miami Valley Maintenance Contractors, Inc. (1990),49 Ohio St.3d 228, 230, citing O'Brien v. Univ. CommunityTenants Union, Inc., (1975), 42 Ohio St.2d 242, syllabus. The court must presume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192.
The issuance of a writ of mandamus is proper only if a relator shows: (1) he has a clear legal right to the relief sought; (2) respondent has a clear legal duty to perform the act requested, and (3) no other plain and adequate remedy exists at law to vindicate the relator's rights. State ex rel.Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. RelationsBd. (1998), 81 Ohio St.3d 173, 176-177 citing State ex rel.Ohio Assn. of Pub. School Emp./AFSCME, AFL-CIO v. State Emp.Relations Bd. (1992), 64 Ohio St.3d 149, 151. Appellant has failed to satisfy any of the three requirements for a writ of mandamus. See State ex rel. McCuller v. Ohio Adult Parole Auth.
(Oct. 13, 1997), Madison App. No. CA97-01-005, unreported;State ex rel. Thompson v. Alexander (Mar. 1, 1993), Madison App. No. CA92-12-035, unreported. Accordingly, the trial court did not err by dismissing appellant's complaint and his assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.