OPINION
{¶ 1} Relator Willie Smith, Jr., has filed these original actions requesting this court to issue writs of mandamus to order respondent, State Employment Relations Board, to vacate its dismissals of his unfair labor practice charges against his employer, State of Ohio, Department of Public Safety, Division of Highway Patrol ("OSHP") and his union, Ohio State Troopers Association, Inc., IUPA, AFL-CIO ("union"), and ordering respondent *Page 2 
to find that probable cause exists to find that both OSHP and the union violated provisions of R.C. Chapter 4117. The parties filed a stipulated record of evidence. Thereafter, respondent filed motions for summary judgment in both actions.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ. R. 53(C) and Section (M), Loc. R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law, which is appended to this opinion. The magistrate recommended that this court grant respondent's motions for summary judgment in both actions, deciding that reasonable minds could only conclude that respondent did not abuse its discretion.
 {¶ 3} A writ of mandamus will issue to correct an abuse of discretion by respondent to dismiss unfair labor practice charges. State ex rel.Ohio Assn. of Pub. School Emp./AFSCME, AFL-CIO v. State Emp. RelationsBd., 64 Ohio St.3d 149, 151-52, 1992-Ohio-119. An abuse of discretion implies an attitude that is unreasonable, arbitrary or unconscionable.State ex rel. Brenders v. Hall, 71 Ohio St.3d 632, 637, 1995-Ohio-106.
 {¶ 4} Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ. R. 56(C); State ex rel. Grady v.State Emp. Relations Bd., 78 Ohio St.3d 181, 183, 1997-Ohio-221. If the moving party has satisfied its initial burden under Civ. R. 56(C), then "the nonmoving party * * * has a reciprocal burden outlined in *Page 3 
Civ. R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107.
 {¶ 5} Relator has filed five objections to the magistrate's decision. First, relator argues that the magistrate erred in failing to include within Finding of Fact No. 5 that the grievance form was incomplete when filed, and that it was filed without relator's consent. These were relator's allegations that he made in his charges before respondent, and the magistrate recognized these allegations in Finding of Fact No. 11. But the magistrate did not find these allegations to be established facts because, the magistrate determined, respondent did not abuse its discretion in dismissing the charges upon which the allegations were based. There is nothing factually incorrect or incomplete in the magistrate's Finding of Fact No. 5. Accordingly, relator's first objection is overruled.
 {¶ 6} In his second and third objections, relator argues that the magistrate erred in summarizing respondent's investigator's findings in Findings of Fact Nos. 16 and 17. He argues that the error consists in the fact that the magistrate assumes that an investigation actually took place. Relator does not assert that any of the facts contained in Findings of Fact Nos. 16 or 17 are incorrect, and upon our review of the stipulated record, it is clear to this court that the facts contained therein are indeed correct. Accordingly, relator's second and third objections are overruled.
 {¶ 7} In his fourth objection, relator objects to the magistrate's Finding of Fact No. 18. However, he does not assert that the fact stated therein is incorrect; rather, he makes a legal argument that respondent's decision to find no probable cause was erroneous. *Page 4 
Finding no error in Finding of Fact No. 18, which merely recites the procedural history of this case before respondent, we overrule relator's fourth objection.
 {¶ 8} In his fifth and final objection, relator argues that the magistrate erred in concluding that, construing the evidence in favor of relator, reasonable minds could only conclude that respondent did not abuse its discretion in dismissing relator's charges for lack of probable cause. We disagree. Respondent must issue a complaint and conduct a hearing on an unfair labor practice charge only if, following its investigation, it has a reasonable ground to believe that an unfair labor practice has occurred. Here, respondent found no probable cause to believe that OSHP and the union conspired to deprive relator of his statutory and contractual rights. Upon review of the stipulated evidence, we conclude that relator has failed to demonstrate that reasonable minds could conclude that respondent abused its discretion in making that finding, and, likewise, that reasonable minds could conclude that respondent has a clear legal right to a probable cause finding. For this reason, respondent is entitled to judgment as a matter of law in both actions. Accordingly, relator's fifth objection is overruled.
 {¶ 9} Following independent review pursuant to Civ. R. 53, we find the magistrate has properly determined the facts and correctly applied the law. Accordingly, we overrule relator's objections, adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, grant the motions for summary judgment, and deny the requested writs of mandamus.
Motions for summary judgment granted; writs of mandamus denied.
BRYANT and BROWN, JJ., concur. *Page 5 
 APPENDIX MAGISTRATE'S DECISION Rendered on December 19, 2008 IN MANDAMUS ON MOTION FOR SUMMARY JUDGMENT {¶ 10} Relator, Willie Smith, Jr., has filed this original action requesting that this court issue a writ of mandamus ordering respondent, State Employment Relations Board ("SERB" or "board"), to vacate its dismissals of his unfair labor practice ("ULP") charges against his employer, State of Ohio, Department of Public Safety, Division of *Page 6 
Highway Patrol ("employer" or "OSHP") and his union, Ohio State Troopers Association, Inc., IUPA, AFL-CIO ("union"), and ordering SERB to find that probable cause exists to find that both the employer and union violated provisions of R.C. Chapter 4117.
Findings of Fact: {¶ 11} 1. Relator was employed as a trooper by OSHP.
 {¶ 12} 2. Relator is a member of the bargaining unit represented by the union, OSHP and the union are parties to a collective bargaining agreement ("CBA") effective from July 1, 2006 through June 30, 2009.
 {¶ 13} 3. Relator was terminated for the stated reason of dishonesty on October 16, 2007.
 {¶ 14} 4. On October 25, 2007, relator met with his union representatives to discuss his termination and whether he would file a grievance.
 {¶ 15} 5. A grievance form was filled out and signed by relator. In it, relator alleged that he was terminated without just cause in violation of the progressive discipline provisions of the CBA.
 {¶ 16} 6. Pursuant to Article 20 of the CBA, disciplinary grievances concerning termination are initiated at the second step ("step two") of the grievance procedure.
 {¶ 17} 7. Relator waived his right to a step two hearing and both the employer and the union agreed to proceed directly to arbitration.
 {¶ 18} 8. Prior to relator's meeting with his union representatives, the union's legal committee met on October 28, 2007, and voted unanimously to advance relator's grievance to arbitration, contingent upon the actual filing of a grievance and following *Page 7 
completion of the step two hearing. The arbitration was tentatively scheduled for the next available date for arbitration, November 28, 2007.
 {¶ 19} 9. On or about November 20, 2007, relator requested that the arbitration be continued and it was ultimately rescheduled for January 18, 2008.
 {¶ 20} 10. On January 14, 2008, relator filed ULP charges with SERB against both the union and OSHP. The ULP charges against the union alleged violations of R.C. 4117.11(B)(1), (2) and (6), premised on the union forcing him to file a grievance, causing the employer to violate R.C. 4117.11(B) by scheduling the arbitration before the grievance was filed, and by failing to fairly represent him. The ULP charge against OSHP alleged violations of R.C. 4117.11(A)(1), (4), (6) and (8) by scheduling his termination case for arbitration prior to the filing of his grievance, and causing the union to violate R.C. 4117.11(B).
 {¶ 21} 11. Concerning the ULP filed against the union, relator asserted that he was coerced into signing the grievance; he wanted to wait the full 14 days before he actually decided to file a grievance; and, while he was in the restroom, his union representatives electronically filed the grievance without his consent. Relator also asserted that his union representatives forced him to waive the step two hearing and failed to cooperate with his private counsel. Concerning the ULP charge against OSHP, relator asserted that OSHP violated R.C. Chapter 4117 when it agreed to and scheduled the matter for arbitration before relator filed his grievance. In support, relator submitted a document several paragraphs long detailing the events. In one paragraph, relator expressed his belief that his employer and the union had conspired against him: *Page 8 
 It is very obvious to me and my private counsel that something is very wrong with this picture. A glance at [a union] grievance form renders the employer and union way out of compliance. Furthermore, a closer look at the form reveals that the employer, union, and office of collective bargaining all had to come to some type [of] agreement in order for any grievance to be processed and scheduled for arbitration when the grievance does not exist. Assumption on any parties' part as to what action or actions the other party or parties' may or may not take is not justification for violating the contractual procedures.
 {¶ 22} 12. SERB requested responses from both the union and OSHP.
 {¶ 23} 13. In response, the union asserted that relator had failed to allege a specific violation of R.C. 4117.11(B) and denied that it had violated either R.C. 4117.11(B) or the CBA. Specifically, the union acknowledged that its legal committee met and was prepared to send the issue of relator's termination to arbitration in the event that relator filed a grievance; that relator's union representatives met with him on October 25, 2007, at which time his representatives filled out the grievance form and, after relator signed it, his representatives submitted it; that relator agreed to waive the step two hearing; that the union was fully prepared and ready to present relator's case to the arbitrator on November 27, 2007, and did not object to third-party counsel for relator attending the hearing; and, lastly, that the union supplied relator with copies of all documentation relevant to his case.
 {¶ 24} 14. The employer responded by stating that the CBA requires that a matter be scheduled for arbitration within 45 days of the filing of a grievance and that R.C. Chapter 4117 was not violated by setting a tentative date for arbitration contingent upon relator actually filing a grievance. The employer stated that the scheduling of the *Page 9 
arbitration hearing did not interfere with or coerce relator's exercise of his rights under R.C. Chapter 4117.
 {¶ 25} 15. SERB assigned an investigator who ultimately recommended that SERB dismiss with prejudice the charges filed by relator against both the union and OSHP.
 {¶ 26} 16. The investigator made the following findings upon investigation concerning the ULP filed against the union:
 1. The Association and the State of Ohio, Department of Public Safety (Employer) are parties' collective bargaining agreement effective from effective from [sic] July 1, 2006 through June 30, 2009. The grievance-arbitration process is binding.
 2. Charging Party was employed by the Employer as a Highway Patrol Trooper. On or about October 16, 2007, Charging Party was terminated.
 3. On or about October 25, 2007, a grievance was filed. However[,] Charging Party asserts he was informed prior to filing a grievance, that his termination was scheduled for arbitration. Charging Party asserts the Association failed to fairly represent him by not following the proper grievance procedures outlined in the parties' agreement.
 4. On or about October 18, 2007, the Association explained its legal committee voted unanimously to advance the grievance, should it be filed, to arbitration. The Association asserts its legal committee determines whether a grievance merits arbitration. The Association maintains it has more than fairly represented Charging Party.
 5. It is noted that Charging Party's grievance was scheduled for arbitration on January 18, 2008. The hearing was continued upon receipt of the unfair labor practice charge, pending a ruling by the State Employment Relations Board.
 {¶ 27} The investigator concluded that the union acted reasonably when it determined to proceed to arbitration in the event a grievance was filed with respect to *Page 10 
relator's termination and that the evidence did not show that the union's actions were arbitrary, discriminatory, or in bad faith.
 {¶ 28} 17. The investigator made the following findings upon examination with regards to relator's ULP filed against OSHP:
 1. The Ohio State Troopers Association (Association) and the Charged Party are parties to a collective bargaining agreement effective from July 1, 2006 through June 30, 2009. The grievance-arbitration process is binding.
 2. Charging Party was employed by the Charged Party as a Highway Patrol Trooper. On or about October 16, 2007, Charging Party was terminated.
 3. According to Charging Party, he was informed, prior to filing a grievance, that his termination was scheduled for arbitration. Charging Party alleges Charged Party violated Ohio Revised Code § 4117.11(A)(1), (4), (6), and (8) by interfering with his rights.
 4. Charged Party denies its actions violated the statute. Charged Party asserts that Charging Party appears to be linking it to his allegations against the Association. However, Charging Party contends no factual basis exists.
 5. Charging Party failed to provide any information to support the (A)(4), (6) or (8) allegations.
 6. It is noted that Charging Party's grievance was scheduled for arbitration on January 18, 2008. The hearing was continued upon receipt of the unfair labor practice charge, pending a ruling by the State Employment Relations Board.
 {¶ 29} The investigator concluded that relator failed to provide information to support his allegations and that the actions of scheduling an arbitration hearing did not interfere with relator's guaranteed rights. *Page 11 
 {¶ 30} 18. The board dismissed both of relator's ULP charges based upon findings that the investigation revealed no probable cause existed to believe that either the union or OSHP had violated any provisions of R.C. 4117.11.
 {¶ 31} 19. Relator filed motions for reconsideration concerning both dismissals. Specifically, he asserted that SERB's investigation was insufficient, arbitrary, capricious, and in violation of his rights because the investigator failed to contact him, his legal counsel, or any of his witnesses. Relator alleged that a complete and thorough investigation would demonstrate that probable cause exists to support both ULP charges. Relator further alleged that both the union and OSHP colluded against him when scheduling his grievance for arbitration before he had filed the grievance.
 {¶ 32} 20. Relator's motions for reconsideration of both dismissals were denied by SERB on July 10, 2008.
 {¶ 33} 21. On August 29, 2008, relator filed the instant mandamus action in this court and the cases were consolidated for purposes of briefing and oral argument because the cases involve similar issues and parties.
 {¶ 34} 22. On October 29, 2008, the parties submitted the stipulated record of evidence relative to both cases.
 {¶ 35} 23. On October 30, 2008, SERB filed a motion for summary judgment and relator has filed a memorandum in opposition.
 {¶ 36} 24. The matter is currently before the magistrate on SERB's motion for summary judgment. *Page 12 
Conclusions of Law: {¶ 37} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280. Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material facts; (2) that the parties are entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64.
 {¶ 38} Relator asserts that SERB erred in dismissing his ULP charges and that he is entitled to writs of mandamus to compel SERB to issue complaints and conduct hearings on the charges. For the reasons that follow, this magistrate disagrees.
 {¶ 39} R.C. 4117.12(B) requires SERB to issue a complaint and conduct a hearing on a ULP charge if it has probable cause for believing that a violation has occurred: "When anyone files a charge with the board alleging that an unfair labor practice has been committed, the board or its designated agent shall investigate the charge. If the board has probable cause for believing that a violation has occurred, the board shall issue a complaint and shall conduct a hearing concerning the charge."
 {¶ 40} Probable-cause determinations by SERB under R.C. 4117.12(B) are not reviewable by direct appeal. Ohio Assn. of Pub. School Emp.,Chapter 643, AFSCME, AFL-CIO v. Dayton City School Dist. Bd. of Edn. (1991),59 Ohio St.3d 159. Instead, a mandamus action is the appropriate remedy to obtain judicial review of orders by SERB *Page 13 
and dismissing ULP charges for lack of probable cause. State ex rel.Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.
(1998), 81 Ohio St.3d 173; State ex rel. Glass, Molders, Pottery,Plastics Allied Workers Internatl. Union, Local 333, AFL-CIO, CLC v.State Emp. Relations Bd. (1993), 66 Ohio St.3d 157, 159. A writ of mandamus will issue to correct an abuse of discretion by SERB in dismissing ULP charges. State ex rel. Leigh v. State Emp. RelationsBd. (1996), 76 Ohio St.3d 143, 145. An abuse of discretion means an unreasonable, arbitrary, or unconscionable decision. State ex rel.Elsass v. Shelby Cty. Bd. of Commrs. (2001), 92 Ohio St.3d 529, 533.
 {¶ 41} In State ex rel. Portage Lakes Edn. Assn., OEA/NEA v. StateEmp. Relations Bd., 95 Ohio St.3d 533, 2002-Ohio-2839, the Supreme Court of Ohio noted that the term "probable cause" is not defined in R.C. Chapter 4117. Ultimately, the court held that "SERB must issue a complaint and conduct a hearing on an unfair labor practice charge if, following an investigation, it has a reasonable ground to believe that an unfair labor practice has occurred." Id. at ¶ 38.
 {¶ 42} In explaining SERB's role, the court in Portage Lakes noted that the issue of probable cause is essentially one of fact. As such, SERB considers not only the evidence supporting the allegations of the charge, but, also, any information that may rebut the charge or offer a defense to the violation alleged. "Issues such as managerial justification, the absence of protected activity by a charging party, or the failure to show any indication of unlawful motivation may be sufficient to secure dismissal of a case even when the facts alleged in the charge have been verified." Id. at ¶ 40. *Page 14 
 {¶ 43} In reviewing the record in this case, the magistrate concludes that SERB did not abuse its discretion in dismissing relator's ULP charges. The substance of relator's allegations is that the union and his employer conspired together to deprive him of his rights under R.C. Chapter 4117 and the CBA by scheduling his grievance for arbitration quickly. In making this allegation, relator asserts that his union representatives coerced him into signing the grievance form, submitted the grievance form without his consent, coerced him into waiving his step two hearing, and prematurely scheduled arbitration. Relator asserts that his employer was complicit in the scheduling of his arbitration before he filed his grievance. SERB determined that relator failed to present evidence of this collusion between the union and his employer and that relator failed to present sufficient evidence that submitting his grievance to arbitration quickly violated his rights under R.C. Chapter 4117. Further, the record indicates that relator requested that the arbitration hearing be continued and it was rescheduled at his request.
 {¶ 44} Relator asserted that the union violated R.C. 4117.11 as follows:
 (B) It is an unfair labor practice for an employee organization, its agents, or representatives, or public employees to:
 (1) Restrain or coerce employees in the exercise of the rights guaranteed in Chapter 4117. of the Revised Code. * * *
 (2) Cause or attempt to cause an employer to violate division
 (A) of this section; * * *
 (6) Fail to fairly represent all public employees in a bargaining unit[.] *Page 15 
 Relator asserted that OSHP violated R.C. 4117.11
as follows:
 (A) It is an unfair labor practice for a public employer, its agents, or representatives to:
 (1) Interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in Chapter 4117. of the Revised Code or an employee organization in the selection of its representative for the purposes of collective bargaining or the adjustment of grievances;
 * * *
 (4) Discharge or otherwise discriminate against an employee because he has filed charges or given testimony under Chapter 4117. of the Revised Code;
 (6) Establish a pattern or practice of repeated failures to timely process grievances and requests for arbitration of grievances;
 * * *
 (8) Cause or attempt to cause an employee organization, its agents, or representatives to violate division (B) of this section.
 {¶ 45} As noted in Portage Lakes, the issue of whether probable cause exists is essentially one of fact. SERB considers not only the evidence supporting the allegations, but, also, any information that may rebut the charge or offer a defense to the alleged violation. Based upon a review of the evidence submitted in this case, the magistrate cannot say that SERB abused its discretion in dismissing relator's ULP charges against the union and his employer.
 {¶ 46} Relator also argues that SERB abused its discretion by denying his motions for reconsideration. The magistrate disagrees. With the exception of supplying an affidavit essentially restating the statements relator made previously, relator did not *Page 16 
file any evidence that would meet the definition of "new" and formerly "unavailable." As such, it was not an abuse of discretion for SERB to conclude that this additional evidence did not warrant a reversal of its prior finding that relator failed to meet his burdens of proof.
 {¶ 47} As a final matter, relator asserts that SERB did not fulfill its obligation to investigate. Specifically, relator argues that, in other cases, SERB investigators have actually spoken with witnesses and obtained statements from them. Because the SERB investigator did not actually contact relator, his legal counsel, or his proffered witnesses in its investigation, relator contends that SERB failed its obligation under the law to investigate his ULP charges. The fact that the SERB investigator did not contact him or his legal counsel does not lead to the conclusion that SERB failed to properly investigate his ULP charges. Further, the magistrate can find nothing in the record to support relator's assertion that he provided the names of any potential witnesses for the SERB investigator to contact. Relator asserted that his union representatives did not send him or his legal counsel copies of various documents; however, on the other hand, the union asserted that copies of all relevant documents had been sent to relator. This determination was an issue of fact that is not reviewable in a mandamus action. Further, relator is unable to direct this court's attention to any case law prescribing the specific procedures which SERB investigators are required to perform. As such, the magistrate finds that relator has failed to show that SERB failed to properly investigate his ULP charges.
 {¶ 48} Based on the foregoing, it is this magistrate's conclusion that SERB has established that there is no genuine issue as to any material fact relevant to its *Page 17 
dismissal of relator's ULP charges against the union and his employer, that SERB is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion, which is adverse to relator. As such, the magistrate recommends that this court grant SERB's motion for summary judgment and rule in its favor. *Page 1