THE STATE EX REL. EATON CITY SCHOOL DISTRICT BOARD OF EDUCATION ET AL., APPELLEES, *v.* STATE EMPLOYMENT RELATIONS BOARD, APPELLANT.

[Cite as *State ex rel. Eaton City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1992), 64 Ohio St.3d 383.]

(No. 91–14—Submitted May 19, 1992—Decided August 12, 1992.)

*Ennis, Roberts & Fischer Co., L.P.A.,* and *J. Michael Fischer,* for appellees.

*Lee I. Fisher,* Attorney General, and *Joseph M. Oser,* for appellant.

*Per Curiam.* SERB argues that the investigatory files are not public records and that, alternatively, the records are either trial preparation records or law enforcement investigatory records. In *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 498, 589 N.E.2d 24, we rejected arguments identical to those advanced in this case.

Paragraph one of the syllabus in *Franklin Cty. Sheriff's Dept.* holds:

"Investigatory files compiled by the State Employment Relations Board pursuant to R.C. 4117.12 must be disclosed upon request pursuant to R.C. 4117.17 and 149.43 unless an *in camera* inspection demonstrates that all or any portions of the files are excepted from disclosure. Excepted information may be redacted prior to disclosure."

The appellate court, here, inspected the records *in camera* and found nothing to except or redact. Accordingly, we affirm the issuance of the writ.

However, SERB validly questions the breadth of the appellate court's decision. In the *Eaton* case, it is undisputed SERB did not submit certain records it considered to be its work product and not sought by Eaton. The court of appeals referee, apparently without reviewing these records, nevertheless recommended that SERB be ordered to disclose its entire investigatory file. Thus, we limit the writ to the submitted records.

Accordingly, we affirm the judgment of the court of appeals issuing the writ. However, in the *Eaton* case, we limit the court of appeals' decision to the submitted records. If Eaton seeks the withheld records, the court of appeals shall inspect them *in camera,* pursuant to *Franklin Cty. Sheriff's Dept., supra,* and rule upon their disclosure.

*Judgment affirmed,*
*as modified.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.