OPINION
This appeal is taken by defendant-appellant Rachelle Hayes Sparks from the judgment of the Common Pleas Court of Hancock County, Juvenile Division granting temporary custody of Richard Hayes to the Hancock County Department of Human Services: Children's Protective Services Unit (CPSU).
Richard Hayes was born on February 5, 1992, to Rachelle Hayes and William Courtney. On October 15, 1993, Richard was found to be dependent and placed under the protective supervision of CPSU. Temporary custody was granted to CPSU on November 19, 1993. On May 9, 1994, temporary custody was terminated and Richard was returned to Rachelle's custody.
On November 23, 1994, Richard was removed from Rachelle's custody when he exhibited a series of unexplained bruises. A hearing was held on November 30, 1994, and CPSU was granted an emergency temporary custody of Richard. On December 2, 1994, CPSU filed for permanent custody of Richard. A hearing was held on this motion from April 18, 1995, to April 21, 1995. The trial court granted permanent custody to CPSU on May 25, 1995. Rachelle appealed the trial court's ruling and on January 22, 1996, this court reversed the trial court's ruling because CPSU had not had temporary custody for the preceding six months as required by R.C.2151.413(A). The case was remanded and the trial court was granted the authority to rule on the alternative request for temporary custody. CPSU appealed this court's ruling to the Supreme Court of Ohio. On June 18, 1997, the Supreme Court affirmed the ruling of this court and ordered the case remanded.
Rachelle filed a motion to have Richard returned to her custody on September 8, 1997. On September 17, 1997, the trial court held a hearing on this motion. The trial court determined that no new evidence needed to be considered. Based upon the evidence presented at the 1995 trial, the trial court ordered Richard into the temporary custody of CPSU. It is from this judgment that Rachelle appeals.
Rachelle raises the following assignment of error:
 The trial court abused its discretion when it held a further dispositional hearing a total of four years after the initial dependency adjudication and failed to address the needs of the parties to determine if problems at the initial adjudication and erroneous permanent custody hearing had been resolved thereby violating due process guaranteed by the Fourteenth Amendment of the United States Constitution.
The determination of what is in the best interest of the child is within the sound discretion of the trial court. Millerv. Miller (1988), 37 Ohio St.3d 71, 523 N.E.2d 846. An abuse of discretion is more than an error of judgment; it is an attitude of the court that is unreasonable, unconscionable, or arbitrary.Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd. (1992),63 Ohio St.3d 498, 589 N.E.2d 24.
Here, Rachelle claims that the trial court abused its discretion by entering a disposition over two years after the hearing. Rachelle relies on In re Omosun Children (1995),106 Ohio App.3d 813, 667 N.E.2d 431, as support for her claim that a two year delay is a pro se violation of due process. However, the facts between the two cases are distinguishable. In Omosun, the trial court held the trial in January, 1991, but did not enter any judgment until October, 1993. In addition, the trial court made findings of fact that were completely unsupported by the record. Given this situation, the appellate court found that "twenty-eight months of limbo in a juvenile dispositional hearing is, in our opinion, a per se due process violation, barring extraordinary circumstances." Id. at 818, 667 N.E.2d at 434.
In this case, the decision to grant permanent custody was made within the statutory time limits. In addition, the findings of fact were supported by the evidence before it. When the trial court's judgment granting CPSU permanent custody was reversed, that order was stayed pending the outcome of the appeal to the Supreme Court of Ohio. The child was not in "limbo," but rather was in the custody of CPSU pursuant to a court order. The delay resulted from the appellate process and was unavoidable. Upon consideration of the appeal, the Supreme Court affirmed the judgment of this court and ordered that the mandates of the judgment entry of January 22, 1996, be followed. One of those mandates was that the trial court consider the alternative motion for temporary custody based upon the evidence submitted in the 1995 trial. The trial court did as instructed. Therefore there has been no abuse of discretion and no denial of due process.
Although defense counsel objected to the court's decision to not hear any new evidence, no evidence was proffered for the record. Without any indication that any changes have occurred since the 1995 trial, there is no reason to believe the trial court erred in its judgment. Therefore, Rachelle's assignment of error is overruled.
The judgment of the Common Pleas Court of Hancock County, Juvenile Division is affirmed.
Judgment affirmed._
SHAW, P.J., and HADLEY, J., concur.