[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is taken by appellant Susan Colvin from the judgment of the Court of Common Pleas of Mercer County, Juvenile Division, granting permanent custody of her minor children to the Mercer County Department of Human Services ("MCDHS").
Appellant and Michael Colvin had two children, Adam (D.O.B. 7-12-91) and Brandi (D.O.B. 8-6-92). On February 9, 1994, Michael was sentenced to 10 to 25 years for the rape of Adam. On August 19, 1996, MCDHS filed a complaint alleging the children to be dependent. A hearing was held on September 10, 1996, and temporary custody was awarded to MCDHS. On October 11, 1996, the trial court found Adam and Brandi to be dependent and ordered that a case plan be filed. The case plan was filed on October 12, 1996.
On August 6, 1997, MCDHS filed a motion for permanent custody of Adam and Brandi, alleging that Michael was incarcerated and that Susan had failed to fulfill the case plan and seemed unwilling to provide an adequate home. A hearing was scheduled on November 3, 1997, however a continuance was granted until December 4, 1997, after MCDHS failed to deliver discovery to Michael until November 1, 1997. The hearing on the motion for permanent custody was held on December 4 and December 5, 1997. The trial court granted MCDHS's motion for permanent custody on December 29, 1997. On January 5, 1998, a dispositional hearing was held and potential relative placements were denied.
Appellant raises the following assignment of error:
 The trial court erred in granting permanent custody to MCDHS of Adam Colvin and Brandi Colvin as terminating Appellant's parental rights was not supported by clear and convincing evidence.
R.C. 2151.414(B) governs the granting of permanent custody and provides in pertinent part:
 The court may grant permanent custody of a child to a movant if the court determines * * * by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents.
The determination of the best interest of the child is within the sound discretion of the trial court. Miller v. Miller (1988),37 Ohio St.3d 71, 523 N.E.2d 846. An abuse of discretion is more than an error of judgment; it is an attitude of the court that is unreasonable, unconscionable, or arbitrary. Franklin Cty.Sheriff's Dept. v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 498,589 N.E.2d 24. A reviewing court should presume that the trial court's findings are accurate since the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections and use these observations in weighing the credibility of the witnesses. In re Jane Doe 1 (1990), 57 Ohio St.3d 135,566 N.E.2d 1181.
The determination of whether a child may be placed with either parent within a reasonable time is governed by R.C.2151.414(E). R.C. 2151.414(E) provides in pertinent part:
 If the court determines by clear and convincing evidence * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent.
 (1) Following the placement of the child outside the child's home * * * the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
* * *
 (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 (5) The parent is incarcerated for an offense committed against the child or a sibling of the child;
* * *
 (7) The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing;
* * *
(12) Any other factor the court considers relevant.
Here, Appellant argues that the trial court's verdict is not supported by the evidence. The trial court made the following findings: 1) Appellant had physically disciplined Adam by striking him across the face; 2) Appellant was verbally abusive towards Adam; 3) Appellant has reduced visitation with both children, especially Adam; 4) Appellant has failed to provide appropriate sleeping accommodations for the children; 5) Appellant has ignored safety factors by leaving the children unattended and not properly supervising them; 6) Appellant has failed to obtain employment as required by the case plan; 7) Appellant has not benefited from counseling and parenting classes; 8) the expert testimony does not show much hope for any significant change in the future; 9) Appellant has declined all offered services except for counseling and transportation. From these findings, the trial court concluded that Appellant had failed to substantially remedy the conditions which necessitated the removal of the children from the home. These findings are supported by the testimony of the various witnesses. In addition, Appellant does not dispute that Michael was convicted of an offense against Adam and was sentenced to serve at least 10 years in prison, starting in 1994. Thus, the evidence supported the trial court's findings of fact and conclusions of law. The first assignment of error is overruled.
The judgments of the Court of Common Pleas of Mercer County, Juvenile Division, are affirmed.
Judgments affirmed.
 SHAW, P.J., and HADLEY, J., concur.