Sherie Alvari appeals the divorce decree entered by the Lawrence County Court of Common Pleas. She argues that the trial court did not have the authority to order her to not remove the children so far from Lawrence County that their father, Jeffrey Alvari, can not accomplish the visitation schedule. We disagree because the trial court's discretion in allocating parental rights and responsibilities includes the authority to decline to grant the right to relocate the children to the residential parent. Sherie also asserts that the trial court's order is an abuse of discretion because it prevents her from relocating the children. We disagree because the trial court did not act unreasonably, unconscionably, or arbitrarily when it failed to allocate to her the right to relocate the children. Finally, Sherie argues that the trial court's order violates her constitutional right to travel. We disagree because the order does not prevent her from relocating to another state. Accordingly, we affirm the judgment of the trial court.
 I.
Sherie and Jeffrey married in 1989. Three children, Joshua, age nine, Chelsea, age seven, and Jessica, age three, were born as issue of the marriage. Jeffrey has two daughters from a previous marriage who reside with their maternal grandmother in Idaho. The parties are originally from the Idaho/Utah area. Approximately four years ago, the parties moved to Lawrence county so that Jeffrey could keep his job with the NALCO Chemical Company.
Sherie worked as a social worker until a few months before she filed for a divorce. After Sherie filed for divorce, Jeffrey moved out of the marital home. The trial court granted Sherie temporary custody of the children. She then filed a motion to establish a visitation plan that would allow her and the children to move to Idaho. The trial court ordered that the children remain in the court's jurisdiction during the divorce proceedings.
At the hearing, the parties, Sherie's mother and several of the parties' friends testified. Sherie expressed her desire to move to Idaho to be near her parents and other family who could support her and help care for the children. Jeffrey testified that his relationship with the children would be devastated if Sherie moved to Idaho with the children. He expressed concern about his financial ability to visit the children due to the parties' substantial debt.
Jeffrey also expressed a desire to move back to the western United States. He testified that he had discussed this possibility with his boss and that the earliest possible transfer to that area was at least two years away and was contingent upon many factors.
At the end of the hearing, the magistrate orally advised Sherie that if she still intended to move to Idaho, he would make Jeffrey the residential parent, but that if she submitted a plan with liberal visitation and stayed closed enough so that Jeffrey could exercise visitation according to the plan, he would make her the residential parent.
After the parties submitted proposed visitation plans and property divisions, the magistrate recommended that Sherie "be the residential parent, but that she not be permitted to remove the children so far from this jurisdiction that [Jeffrey] is not able to accomplish the visitation schedule * * *." Sherie filed objections to the magistrate's decision including an objection to the custody determination that prevented her from relocating to Idaho with the children.
The trial court adopted the magistrate's decision and ordered that Sherie be the residential parent, but that she not be permitted to remove the children so far that Jeffrey can not accomplish the visitation schedule.
Sherie appeals and asserts the following assignments of error:
 I. THE TRIAL COURT ERRED WHEN IT ADOPTED THE MAGISTRATE'S DECISION AND FINDINGS, IN THAT THE PROHIBITION AGAINST RELOCATION IS CONTRARY TO OHIO LAW.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ADOPTED THE MAGISTRATE'S DECISION AND FINDINGS THAT PROHIBIT THE RESIDENTIAL PARENTS (SIC) RELOCATION TO THE AREA OF ORIGINATION OF THE PARTIES
 III. THE TRIAL COURT ERRED WHEN IT ADOPTED THE MAGISTRATE'S DECISION AND FINDINGS, IN THAT THE PROHIBITION AGAINST RELOCATION IS AN INFRINGEMENT OF THE APPELLANTS (SIC) CONSTITUTIONAL RIGHTS AND THE MAGISTRATE AND TRIAL COURT IMPROPERLY PLACED THE BURDEN OF PROOF ON THE APPELLANT.
 II.
In her first assignment of error, Sherie argues that the trial court had no statutory authority to restrict her from relocating to Idaho with the children. She argues that R.C. 3109.051(G)(1) implies that she, as the residential parent, has the authority to move the children to Idaho and the court's only response can be to modify visitation.
R.C. 3109.051(G)(1) provides:
 If the residential parent intends to move to a residence other than the residence specified in the visitation order or decree of the court, the parent shall file a notice of intent to relocate with the court that issued the order or decree. Except as provided in divisions (G)(2), (3), and (4) of this section, the court shall send a copy of the notice to the parent who is not the residential parent. Upon receipt of the notice, the court, on its own motion or the motion of the parent who is not the residential parent, may schedule a hearing with notice to both parents to determine whether it is in the best interest of the child to revise the visitation schedule for the child.
R.C. 3109.051(G)(1) deals with relocation of the children after the court has designated one of the parents as the residential parent. R.C. 3109.051(G)(1) is not relevant in this case because the issue before the trial court was not the relocation of a residential parent. Rather, the issue before the trial court was which parent should be designated as the residential parent.
While Ohio courts have frequently examined the residential parent's ability to move the children's residence where the result will cause an interruption or revision of the nonresidential parent's time with the children, see, e.g., Davisv. Davis (Mar. 12, 1992), Cuyahoga App. No. 61832, unreported (mother's removal to another state without prior notice sufficient to support modification of custody to father);Brown v. Brown (July 2, 1984), Montgomery App. No 8469, unreported (given circumstances, removal of child from jurisdiction warranted a modification of parental rights and responsibilities), the authority of the court to require the residential parent to live close enough to the non-residential parent to facilitate visitation has yet to be examined by Ohio courts.
In a divorce action, the trial court may allocate the parental rights and responsibilities for the care of the children primarily to one parent and divide the other rights and responsibilities between the parents. The court is to be guided by the best interests of the children when making this allocation. R.C. 3109.04(B). In determining the best interests of the child the trial court must consider all relevant factors including "whether either parent has established a residence, or is planning to establish a residence, outside of this state." R.C. 3109.04(F)(1)(j). Thus, the trial court was required to consider Sherie's plans to move to Idaho with the children.
"Because the trial judge is in the best position to evaluate the child's best interests, a reviewing court should accord great deference to the decisions of the trial judge." Davis v.Flickinger (1997), 77 Ohio St.3d 415, 420, quoting Pater v. Pater (1992), 63 Ohio St.3d 393, 403 (Resnick, J., dissenting).
Therefore, a trial court has broad discretion in custody proceedings. Davis at 421; Trickey v. Trickey (1952), 158 Ohio St. 9
. We see no reason why this discretion should not include the authority to decline to allocate the right to relocate the children. Further, R.C. 3109.051 directs the court to ensure, whenever possible, that both parents have frequent and continuing contact with the child. In this case, by not giving Sherie the right to relocate the children, the trial court helped ensure that both parents have frequent and continuing contact with the children. Thus, we find that the trial court had the authority to designate Sherie as the residential parent and require her to remain close enough to Jeffrey to ensure that he is able to have frequent and continuing contact with the children. We overrule her first assignment of error.
 III.
In her second assignment of error, Sherie argues that the trial court abused its discretion by prohibiting her from relocating with the children to Idaho. She asserts that, since both parties ultimately wish to relocate to the western United States and all of the parties' relatives, including Jeffrey's two other children, continue to live in the Idaho/Utah area, the trial court acted unreasonably, unconscionably, and arbitrarily in forbidding her relocation with the children.
We have determined that the trial court had the discretion to restrict Sherie from relocating the children to Idaho. Thus, we will review its decision for an abuse of discretion. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. Franklin Cty. Sheriff's Dept. v.State Emp. Relations Bd. (1992), 63 Ohio St.3d 498, 506.
Jeffrey testified that relocating the children to Idaho would devastate their relationship with him. Although Jeffrey expressed a desire to move back to the western United States, he is unable to do so at the present time. The parties' substantial debt would make frequent visitation between Ohio and Idaho impossible. Although Sherie testified that it would be easier for her to find a job that paid well in Idaho, she had not actually tried to obtain employment in Idaho at the time of the hearing. Sherie worked in Lawrence County until she quit shortly before the divorce. There was no evidence that she could not find a similar job in Ohio. Given that the trial court has jurisdiction to reconsider this issue if the parties' circumstances change, we find that the trial court did not abuse its discretion. We overrule Sherie's second assignment of error.
 IV.
In her third assignment of error, Sherie argues that the trial court's order violates her constitutional right to travel.
The right to travel from state to state has long been recognized as a basic right under the Constitution. Dunn v. Blumstein (1972), 405 U.S. 330, 338. This right includes the right to resettle in a new state. Shapiro v. Thompson (1969),394 U.S. 618, 629.
The trial court's decision deals only with the custody of the parties' children and does not prohibit either party from traveling from state to state or relocating. Sherie is merely prohibited from taking the children with her if she decides to relocate. Thus, the trial court's decision does not violate Sherie's right to travel. See Marsala v. Marsala (July 6, 1995), Cuyahoga App. No. 67031, unreported; Hunter v. Hunter (Aug. 10, 1992), Madison App. Nos. CA91-10-031 CA91-11-034, unreported. Accordingly, we overrule her third assignment of error.
 V.
In sum, we overrule all of Sherie' s assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Evans, J. and Harhsa, J.: Concur in Judgment and Opinion.
For the Court
 BY: _______________________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.