DECISION AND JUDGMENT ENTRY
{¶ 1} Donald Edwards appeals from his conviction on a charge of failure to comply with the order of a police officer. He argues that his original counsel was ineffective and that the trial court erred in denying his requests for a continuance. Edwards contends that his original counsel was ineffective because he did not file a timely request for a continuance. Edwards also contends the trial court's decision to deny both of his requests for a continuance is unreasonable since it forced him to proceed to trial with substitute counsel, who had less than a day to prepare for his case. Because we conclude that both of his arguments, when viewed together, have merit, we must reverse his conviction.
 {¶ 2} In mid 2001, Edwards lived with Nathan Simpson. During this time, Simpson's aunt, Staci Adkins, visited from Toledo. At some point, Edwards and Simpson took the keys to Adkins's van and drove from Gallia County to Meigs County. When Adkins awoke, she noticed that her van was missing and contacted the Gallia County Police Department. The Gallia County Police notified the surrounding agencies of the possible theft and provided a description of the van.
 {¶ 3} After receiving the van's description, Pomeroy Village Police Chief Mark Proffitt recognized Edwards driving a van matching the description. Chief Proffitt testified that he turned on his siren and lights to pursue Edwards. He also testified that Edwards was pulling away from him when he checked the speedometer and saw that he was going 70 miles per hour, in a 25 mile per hour zone. Lastly, Chief Proffitt testified that he observed Edwards driving erratically causing two cars to swerve off the road. However, Edwards testified that he saw Chief Proffitt but did not hear his siren or see his lights. Nevertheless, Edwards admitted that he fled while reaching speeds between 45-50 miles per hour because he knew that he was drunk and he did not want a DUI citation. Following this short car chase, Edwards stopped the car and began to flee on foot. Chief Proffitt again pursued Edwards and found him hiding in the closet of a friend's house. The grand jury indicted Edwards on one count of receiving stolen property and one count of failure to comply with the order or signal of a police officer (fleeing). At his arraignment, the trial court assigned counsel to represent Edwards.
 {¶ 4} On September 17, 2001, the trial court held a final pretrial hearing, for which Edwards failed to appear. Therefore, the trial court continued the hearing and issued a bench warrant for Edwards' arrest. On October 2, 2001, the court held a combined bench warrant/final pretrial hearing. The court revoked Edwards' bond and changed the trial date from October 4, 2001, to October 16, 2001. Edwards' counsel did not object to this trial date. However, on October 11, 2001, counsel filed a motion for continuance because of a trial conflict in another county. Edwards' counsel explained that he had a case scheduled for trial in Licking County on October 16, 2001, which the Licking County court had scheduled in June 2001. The trial court denied the motion even though the state did not object to the continuance.
 {¶ 5} Rather than request a continuance in the Licking County case, Edwards' counsel attempted to find substitute counsel. Finally, just before noon on October 15, 2001, Edwards' counsel was able to locate substitute counsel. The next day, on the morning of trial, substitute counsel requested a continuance due to his lack of time to prepare for the trial. The court denied this request after substitute counsel reluctantly conceded that he could "adequately" represent Edwards. Then, the court swore in the jury and began the trial. The jury acquitted Edwards of receiving stolen property but convicted him of fleeing. After the court sentenced Edwards, he filed this appeal. He assigns the following errors:[1]
 First assignment of error — Appellant Donald Edwards was denied his Constitutional Right to Effective Assistance of Counsel.
Second assignment of error — The trial court abused its discretion in denying counsels' motions to continue the trial proceedings.
Third assignment of error — The trial court erred in sentencing appellant in accordance with a felony of the third degree when throughout the proceedings appellant was on notice only as to sentencing for a felony of the fourth degree.
 {¶ 6} We will consider Edwards' first and second assignments of error together because they are interrelated. Due to our resolution of these assignments of error, we need not address Edwards' third assignment of error.
 {¶ 7} In his first assignment of error, Edwards argues that his first attorney provided him ineffective assistance. We apply the test for ineffective assistance of counsel outlined by the Ohio Supreme Court inState v. Ballew, 76 Ohio St.3d 244, 255, 1996-Ohio-81, 667 N.E.2d 369. This two-part test requires a showing that (1) counsel's performance was defective, and (2) the deficient performance prejudiced the result. Id. citing Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674. To prevail, Edwards must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. Id. at 256-57.
 {¶ 8} Edwards contends that his counsel's failure to file a timely request for a continuance prejudiced his defense.[2] Edwards argues that since his counsel in June 2001 scheduled a Licking County case for trial, he should have known that he had a conflict on October 2, 2001, when the court scheduled Edwards' trial. However, his counsel waited until October 11, 2001, only five days before the trial date, to request a continuance. Edwards also contends that his counsel failed to exhaust all of the available remedies prior to finding substitute counsel. After receiving counsel's motion for continuance, a court employee contacted the Licking County court. Prior to the trial, this court employee testified that the Licking County court informed her that it had recently scheduled its case for a plea hearing and that it could reschedule it. However, Edwards' counsel never attempted to request a continuance in the Licking County case. Rather, following the trial court's denial of the motion, he began to search for substitute counsel. Edwards' counsel could not locate substitute counsel until the day before the trial. Counsel's failure to file a timely request for a continuance and to exhaust all possibilities before finding substitute
counsel constituted deficient performance and worked to Edwards' prejudice. Simply, if not for counsel's deficient performance, the trial court, in all likelihood, would not have denied the continuance and counsel would have had no reason to seek substitute counsel who had no time to prepare for trial. If counsel had filed a timely request for a continuance a reasonable probability exists that the court would have granted it and original counsel, who had over two months to prepare a defense, would have represented Edwards.
 {¶ 9} In his second assignment of error, Edwards argues that the trial court abused its discretion when it denied both of his motions for continuance. The grant or denial of a motion for continuance is left to the sound discretion of the trial court. State v. Unger (1981),67 Ohio St.2d 65, 423 N.E.2d 1078, syllabus. We will not reverse that decision absent an abuse of discretion. Id. at 67. An abuse of discretion is more than an error of judgment; it implies that the court's attitude is unreasonable. Franklin Cty. Sheriff's Dept. v. State Emp. RelationsBd. (1992), 63, Ohio St.3d 498, 506, 589 N.E.2d 24.
 {¶ 10} Because there is no bright line test for determining when an abuse of discretion occurs in the context of the denial of a motion for a continuance, the Ohio Supreme Court has adopted a balancing approach. This test requires the trial court to weigh any potential prejudice to the defendant against the court's right to control its docket and the public's interest in the prompt and efficient dispatch of justice. Unger, 67 Ohio St.2d at 67. Specifically, the Unger Court stated: "In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstances which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." Id. at 67-68.
 {¶ 11} While the original motion for a continuance does not request a specific length of time, the only basis for the motion is the conflict with the Licking County case. Therefore, we can reasonably infer that counsel's request was only for the duration of the Licking County trial. Counsel attached a copy of the Licking County pretrial statement to his motion for continuance. After receiving counsel's motion, the trial court contacted the Licking County court and learned that the parties agreed to a plea. Therefore, instead of a trial, the Licking County court stated that it was conducting a plea hearing. With this information, the length of the stay requested would have been one day. In fact, on the day of trial but after voir dire, the court addressed substitute counsel's motion for continuance. The court volunteered that it could continue the trial until the next day but substitute counsel declined, stating that a one-day continuance was still insufficient time for him to prepare a better defense for Edwards. In addition, neither party had previously requested a continuance and the state did not object to the continuance. Moreover, counsel requested the continuance for a legitimate reason, i.e., a conflict with an earlier scheduled case in a distant county. On the other hand, two factors exist to support a denial of the continuance. First, counsel's request was untimely because he should have known on the day the court set this case for trial, or immediately thereafter, that he had a conflict. The Licking County court scheduled its case for trial in June 2001, and, here, the court did not schedule this case for trial until October 2, 2001. Instead of immediately bringing this conflict to the court's attention, counsel waited nine days, a mere five days before the trial date, to make his request for a continuance. In addition, Edwards' failure to appear for the final pretrial hearing forced the court to reschedule the trial date from October 4, 2001, to October 16, 2001. Therefore, Edwards' conduct contributed to the circumstances that gave rise to the request for a continuance. Under these circumstances, the trial court did not act unreasonably in denying the initial request for a continuance.
 {¶ 12} However, we must also consider substitute counsel's oral request for a continuance. Like original counsel, substitute counsel did not request a certain length of time for the continuance. But, the only reason for substitute counsel's request was his lack of preparation time due to his appointment the day before the trial. Therefore, it is difficult to speculate as to the length of the stay. However, the state did not object to the request for a continuance and substitute counsel requested the continuance for a legitimate reason, i.e., lack of preparation time. On the other hand, this request was Edwards' second request and the court changed the original trial date because Edwards failed to appear for the final pretrial hearing.
 {¶ 13} In balancing these competing interests, we conclude that the court abused its discretion in denying the second request for a continuance. The trial court's denial resulted in prejudice to the defendant because it resulted in substitute counsel's attempt to defend him for two felonies while only having one day to prepare for a jury trial. While this may not be the most complex case, we believe that less than one day to prepare for a felony jury trial places counsel in an untenable position and is insufficient per se.
 {¶ 14} Accordingly, we sustain Edwards' first and second assignments of error.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] Substitute counsel originally represented Edwards on appeal but we, sua sponte, removed him and appointed new appellate counsel to brief all issues including, ineffective assistance of counsel and the trial court's denial of the motions for continuance. Substitute counsel's appeal only included what is now Edwards' third assignment of error.
[2] Edwards alleges three instances of deficient performance. However, since we have found one instance of deficient performance that resulted in prejudice, we need not address the other claims.