[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is taken by appellant Michael Colvin from the judgment of the Court of Common Pleas of Mercer County, Juvenile Division, granting permanent custody of his minor children to the Mercer County Department of Human Services ("MCDHS").
Appellant and Susan Colvin had two children, Adam (D.O.B. 7-12-91) and Brandi (D.O.B. 8-6-92). On February 9, 1994, Appellant was sentenced to 10 to 25 years for the rape of Adam. On August 19, 1996, MCDHS filed a complaint alleging the children to be dependent. A hearing was held on September 10, 1996, and temporary custody was awarded to MCDHS. Appellant filed a motion for discovery on September 16, 1996. On October 11, 1996, the trial court found Adam and Brandi to be dependent and ordered that a case plan be filed. The case plan was filed on October 12, 1996.
On August 6, 1997, MCDHS filed a motion for permanent custody of Adam and Brandi, alleging that Appellant was incarcerated and that Susan had failed to fulfill the case plan and seemed unwilling to provide an adequate home. A hearing was scheduled on November 3, 1997, however a continuance was granted until December 4, 1997, after MCDHS failed to deliver discovery to Appellant until November 1, 1997. The hearing on the motion for permanent custody was held on December 4 and December 5, 1997. The trial court granted MCDHS's motion for permanent custody on December 29, 1997. On January 5, 1998, a dispositional hearing was held and potential relative placements were denied.
Appellant raises the following assignments of error:
 The trial court erred in granting permanent custody of Adam and Brandi Colvin to the MCDHS as the State failed to prove by clear and convincing evidence that it was entitled to such an order.
 The trial court erred in allowing the testimony of Dr. Frederick Ferri rendering an opinion as to the prognosis for the psychological health of the Colvin children if returned to their mother, as there was an insufficient foundation.
 The trial court erred in failing to grant Appellant's motion to dismiss based upon the failure of the MCDHS to provide discovery.
R.C. 2151.414(B) governs the granting of permanent custody and provides in pertinent part:
 The court may grant permanent custody of a child to a movant if the court determines * * * by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents.
The determination of the best interest of the child is within the sound discretion of the trial court. Miller v. Miller (1988),37 Ohio St.3d 71, 523 N.E.2d 846. An abuse of discretion is more than an error of judgment; it is an attitude of the court that is unreasonable, unconscionable, or arbitrary. Franklin Cty.Sheriff's Dept. v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 498,589 N.E.2d 24. A reviewing court should presume that the trial court's findings are accurate since the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections and use these observations in weighing the credibility of the witnesses. In re Jane Doe 1 (1990), 57 Ohio St.3d 135,566 N.E.2d 1181.
The determination of whether a child may be placed with either parent within a reasonable time is governed by R.C.2151.414(E). R.C. 2151.414(E) provides in pertinent part:
 If the court determines by clear and convincing evidence * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent.
 (1) Following the placement of the child outside the child's home * * * the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties. * * *
 (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 (5) The parent is incarcerated for an offense committed against the child or a sibling of the child;
* * *
 (7) The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing; * * *
(12) Any other factor the court considers relevant.
Here, Appellant argues that the trial court's verdict is not supported by the evidence. The trial court made the following findings: 1) the mother had physically disciplined Adam by striking him across the face; 2) the mother was verbally abusive towards Adam; 3) the mother has reduced visitation with both children, especially Adam; 4) the mother has failed to provide appropriate sleeping accommodations for the children; 5) the mother has ignored safety factors by leaving the children unattended and not properly supervising them; 6) the mother has failed to obtain employment as required by the case plan; 7) the mother has not benefited from counseling and parenting classes; 8) the expert testimony does not show much hope for any significant change in the future; 9) the mother has declined all offered services except for counseling and transportation. From these findings, the trial court concluded that the mother had failed to substantially remedy the conditions which necessitated the removal of the children from the home. These findings are supported by the testimony of the various witnesses. In addition, Appellant does not dispute that he was convicted of an offense against Adam and was sentenced to serve at least 10 years in prison, starting in 1994. Thus, the evidence supported the trial court's findings of fact and conclusions of law. The first assignment of error is overruled.
The second assignment of error alleges that the trial court erred in permitting the testimony of Dr. Ferri since it lacked a sufficient foundation. The trial court has broad discretion to determine the admissibility of evidence and that discretion may not be overturned on appeal unless the trial court abuses that discretion. Rigby v. Lake Cty. (1991), 58 Ohio St.3d 269,569 N.E.2d 1056. Here, Dr. Ferri testified that he did consider the history provided by outside sources. The information contained in those sources are not in evidence. However, Dr. Ferri testified that based solely upon his own observations and the results of the tests he administered, he still concluded that the children should not be returned to Susan. In a trial to the court, we can presume that the trial court only considered the evidence that was properly admissible. State v. Fox (1994), 69 Ohio St.3d 183,631 N.E.2d 124. Thus, we can assume that the trial court did not consider Dr. Ferri's testimony concerning conclusions reached based upon sources not in evidence. The second assignment of error is overruled.
In the third assignment of error, Appellant asserts that the trial court erred by not dismissing the complaint based upon MCDHS's failure to provide discovery. Civ.R. 37 permits the trial court to dismiss a complaint when a party fails to comply with discovery. Fairfield Commons Condominium v. Stasa (1985), 30 Ohio App.3d 11,506 N.E.2d 237. However, the sanction of dismissal should only be used in extreme cases of deliberate evasion of discovery requests. Id.
Here, Appellant requested discovery and did not receive it until three days before the hearing. The trial court then granted Appellant a continuance. On the day of the hearing, MCDHS started referring to documents that had not been supplied to Appellant. In response, the trial court ordered MCDHS to provide Appellant with copies and gave Appellant a recess to review the documents. The trial court reviewed the documents when it considered Appellant's motion to dismiss and found them to either be insignificant or available from other sources. Thus, the trial court denied the motion to dismiss. The trial court has broad discretion in discovery matters. Id. The trial court determined that MCDHS's failure to fully comply with the discovery request was not severe enough to warrant dismissal and the record supports this determination. Therefore, the third assignment of error is overruled.
The judgments of the Court of Common Pleas of Mercer County, Juvenile Division, are affirmed.
Judgments affirmed.
SHAW, P.J. and HADLEY, J., concur.